USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __1/10/2023_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JAMEK WRIGHT,** | |
| Plaintiff, | **22-cv-00131 (ALC)** |
| -against- | |
| **JOHN DOE, ET AL.,** | **ORDER** |
| Defendants. | |

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff filed this prisoner rights suit on January 6, 2022, against a number of John Doe defendants. ECF No. 2. On April 7, 2022, the Court issued an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), whereby it ordered the New York City Law Department to identify the John Doe defendants and to provide this information to the Plaintiff and the Court within 60 days. ECF No. 7. On June 6, 2022, Corporation Counsel of the City of New York ("Corporation Counsel") wrote to the Court to note that they were unable to identify John Doe #2 and Jane Doe. ECF No. 10. The Court issued an order on July 11, 2022, directing Plaintiff to submit a letter to the Court regarding any identifying information on these two defendants. ECF No. 12. Plaintiff's response was due on August 25, 2022. *Id*. Because the Plaintiff did not file a response, the Court issued an Order directing Plaintiff to show cause as to why this action should not be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) on October 4, 2022. ECF No. 15.

    In that same Order, the Court directed Corporation Counsel to serve the order on Plaintiff by first class mail. *Id*. On November 3, 2022, Corporation Counsel informed the Court that they inadvertently overlooked the portion of the Court's Order concerning service and they did not serve a copy of the Order on Plaintiff. ECF No. 16. Counsel requested that the Court extend Plaintiff's deadline to respond to the Order to Show Cause until December 19, 2022. *Id*. The Court granted the

extension, and the Order was mailed to Plaintiff on November 4, 2022. ECF No. 17. The Order, however, did not reach the Plaintiff because it appears Plaintiff is no longer detained on Rikers Island.

Plaintiff never alerted the Court of his change of address. Accordingly, on December 9, 2022, the Court once again issued an Order to Show Cause, directing Plaintiff to show cause why this action should not be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 18. The Court directed Plaintiff to respond by December 22, 2022, and the Court warned Plaintiff that any failure by Plaintiff to make this showing would result in a dismissal of this case without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Id*. On January 10, 2023, Corporation Counsel filed a letter addressed to the Court requesting that the Court dismiss this action for failure to prosecute. ECF No. 20.

To date, Plaintiff has not responded to the Court's Order, nor has he taken any action in this case for several months. Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is respectfully directed to terminate this case.

**SO ORDERED.**

Dated:   January 10, 2023
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**